IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JAMES LARRY PARSON, | |
| Plaintiff, | CIVIL ACTION NO.: 4:20-cv-328 |
| v. | |
| GEORGIA DEPARTMENT OF NATURAL RESOURCES, | |
| Defendant. | |

**O R D E R**

This age discrimination case comes before the Court on Defendant Georgia Department of Natural Resources' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 5.) Plaintiff James Larry Parson filed this suit under the Age Discrimination in Employment Act ("ADEA"), alleging that Defendant discriminated against him based on his age when Defendant declined to hire him and instead hired a younger and less experienced candidate. (Doc. 1.) Defendant filed the at-issue Motion, arguing that Eleventh Amendment immunity bars Plaintiff's ADEA claim, which is his sole claim in this case. (Doc. 5-1.) For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. 5.)

BACKGROUND

According to the allegations contained in the Complaint, Plaintiff, who was seventy-two years old, applied for the "Manager 2 Facilities Maintenance/Construction" position (the "Position") with Defendant in November 2018. (Doc. 1, pp. 4–5, 7.) Despite being "more qualified than the chosen candidate" and having forty years of "experience in construction project management," Plaintiff was passed over for the job, and Defendant instead hired a "substantially

younger" candidate (allegedly in his forties) who had "substantially less construction project management experience" than Plaintiff.  (Id. at pp. 7–8.)  Plaintiff initiated this civil action on December 31, 2020, alleging that Defendant's decision not to hire him for the Position was due to his age.  (Id.)  Defendant subsequently filed the at-issue Motion to Dismiss, arguing that Plaintiff's ADEA claim—his sole claim in this case—is barred by Eleventh Amendment immunity.  (Docs. 5, 5-1.)  Plaintiff filed a Response, (doc. 7), and Defendant filed a Reply, (doc. 9).

## STANDARD OF REVIEW

A court may dismiss a complaint when it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or when the complaint does not state a facially plausible claim for relief under Rule 12(b)(6).  Here, Defendant argues that dismissal is appropriate on both grounds because the Eleventh Amendment bars Plaintiff's claim.  When a court has pending before it a motion to dismiss on both of those grounds, the generally preferable approach is to decide the jurisdictional issue first and then, if jurisdiction is found, to decide whether a claim has been stated.  Jones v. State, 725 F.2d 622, 623 (11th Cir. 1984).

Motions pursuant to Rule 12(b)(1) take one of two forms: a "facial attack" on subject matter jurisdiction based on the complaint's allegations taken as true or a "factual attack" based on evidentiary matters outside of the pleadings.  McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007).  Where, as here, Plaintiff presents only a "facial attack," the Court proceeds as if it were evaluating a 12(b)(6) motion.  Id.

Under a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).  A complaint must state a facially plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" does not suffice. Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## DISCUSSION

"The ADEA makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age'" if the individual is at least forty years of age. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 67 (2000) (quoting 29 U.S.C. § 623(a)(1)). The ADEA "also provides several exceptions to [its] broad prohibition," such as when an employer relies on age "where it 'is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business,'" when an employer "discharge[s] or otherwise discipline[s] an individual for good cause," or when the employer's action "is based on reasonable factors other than age." Id. (citing 29 U.S.C. § 631(f)(1), (3)). While the ADEA originally applied only to private employers, Congress "extended application of the ADEA's substantive requirements to the States" in 1974. Id. at 68 (citing Fair Labor Standards Amendments of 1974 (1974 Act), § 28, 88 Stat. 74).

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted). "Although the express language of the amendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990).

Furthermore, Eleventh Amendment immunity also extends to "state agencies and other arms of the state." Cassady v. Hall, 892 F.3d 1150, 1153 (11th Cir. 2018).  However, "Congress can abrogate sovereign immunity by enacting legislation to enforce the substantive provisions of the Fourteenth Amendment, or . . . a state can waive its sovereign immunity." Stroud v. McIntosh, 722 F.3d 1294, 1298 (11th Cir. 2013); see also Kimel, 528 U.S. at 80 ("Section 5 of the Fourteenth Amendment . . . grant[s] Congress the authority to abrogate the States' sovereign immunity."). "[T]o determine whether Congress has abrogated the States' sovereign immunity, [federal courts] ask two questions: first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity;' and second, whether Congress has acted 'pursuant to a valid exercise of power.'" Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55 (1996) (citation omitted).  For Congress to act pursuant to a valid exercise of its power under Section 5 of the Fourteenth Amendment, "[t]here must be a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." Kimel, 528 U.S. at 81 (quotation omitted).

Here, Plaintiff does not contest that Defendant is a state agency generally entitled to Eleventh Amendment immunity, nor does Plaintiff allege or argue that Georgia waived its Eleventh Amendment immunity as to his ADEA claim.  (See docs. 1, 7); see also Sullivan v. Ga. Dep't of Nat. Res., 724 F.2d 1478, 1479 (11th Cir. 1984) (characterizing a suit against the Georgia Department of Natural Resources as a suit against the state for purposes of Eleventh Amendment immunity).  Thus, the critical question before the Court is whether Congress has abrogated states' Eleventh Amendment immunity as to claims brought under the ADEA.

The United States Supreme Court answered this question in Kimel v. Florida Board of Regents, where it held that "the ADEA does not validly abrogate the States' sovereign immunity." 528 U.S. at 92.  In Kimel, despite finding that Congress expressed its intent to abrogate the states' Eleventh Amendment immunity against ADEA claims, the Supreme Court concluded that "the

4

ADEA is not a valid exercise of Congress' power under [Section] 5 of the Fourteenth Amendment," id. at 91, because "its broad restriction on the use of age as a discriminating factor[] prohibit[ed] substantially more state employment decisions and practices than would likely be held unconstitutional under the applicable equal protection, rational basis standard," id. at 86. Therefore, Congress did not validly abrogate states' Eleventh Amendment immunity as to ADEA claims, and Eleventh Amendment immunity remains a potential bar to such claims. Even so, the Supreme Court noted that the decision in Kimel did "not signal the end of the line for employees who find themselves subject to age discrimination at the hands of their state employers" as "[s]tate employees are protected by state age discrimination statutes . . . in almost every State of the Union." Id. at 91.

In an effort to circumvent Kimel, Plaintiff attempts to distinguish that case from his own. Plaintiff first argues that Kimel's holding only applies to ADEA cases involving "age classifications and the application of the rational basis standard," and thus does not apply to his claim that the DNR has committed "arbitrary age discrimination for which the state offers no legitimate state interest." (Doc. 7, pp. 5–6.) Plaintiff then appears to argue that the Kimel holding was directed at Section 623(f)(1) of the ADEA—which permits "employers to rely on age when it is a bona fide occupational qualification"—and not Section 623(a)(1), the provision under which he brings his claim. (Id. at pp. 4–5, 7.) According to Plaintiff, "only the portions of the ADEA which exceed the scope of Congress' exercise of valid authority should be interpreted as falling outside the powers of [Section] 5 of the Fourteenth Amendment," and—for reasons not fully fleshed out by Plaintiff in his Response—"[Section] 623(a)(1) . . . could now be considered as falling within the scope of Congress' valid exercise of power."[1] (Id. at p. 8.) Finally, Plaintiff

---

[1] Plaintiff's arguments as to why Kimel should not apply to his case are inartfully presented. It appears, however, that he believes that the holding in the Kimel opinion, which was published in 2000, was limited

argues that Kimel should not apply to his case because he does not "have [the] option" of looking to state law for relief because "Georgia law does not provide a remedy for age discrimination by a state employer for employees over 70." (Id. at p. 9.)

The Court finds Plaintiff's arguments unpersuasive. First, nothing in the Kimel decision or the cases cited by Plaintiff suggests that the Supreme Court limited its holding to only certain ADEA claims against state governments, or that Congress properly abrogated states' Eleventh Amendment immunity for some types of ADEA claims but not others, or that Eleventh Amendment immunity only applies when a state offers a legitimate state interest for discrimination based on age. Instead, the Supreme Court unambiguously held that "the ADEA is not a valid exercise of Congress' power under [Section] 5 of the Fourteenth Amendment" and "[t]he ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid," a holding that necessarily encompasses Section 623(a)(1). Kimel, 528 U.S. at 91; see also Stroud, 722 F.3d at 1303 ("The Supreme Court . . . made it clear [in Kimel] that the ADEA is unconstitutional as applied to the states because Congress did not enact the law under section 5 of the Fourteenth Amendment, the only recognized constitutional basis for abrogating states' sovereign immunity."). Indeed, since the Kimel opinion was published, the Eleventh Circuit Court of Appeals has consistently held that claims brought against states pursuant to Section 623(a)(1) are barred by Eleventh Amendment immunity. See, e.g., Duva v. Bd. of Regents of the Univ. Sys. of Ga., 654 F. App'x 451, 453 (11th Cir. 2016) (finding that the Eleventh Amendment barred an ADEA claim against a state agency brought pursuant to Section 623(a)(1)). Moreover, Plaintiff did not cite to—

---

by the Supreme Court's later decision in Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009). (See doc. 7, p. 7.) According to Plaintiff, "[t]he Gross decision, holding that the plaintiff must prove by a 'preponderance of the evidence' that age was the 'but-for' cause of the defendant's action, could be shown to this Court as fencing in [Section] 623(a)(1) in a way that may have influenced the Kimel [C]ourt's opinion on whether that portion of the Act was too far reaching." (Id.)

6

nor has the Court's independent research found—any Eleventh Circuit case holding that Eleventh Amendment immunity does not apply to an individual's Section 623(a)(1) claim. Finally, Plaintiff's argument that Kimel should not apply here because Georgia does not provide a state law remedy is also unavailing. The Supreme Court did not limit its decision in Kimel to states that provide remedies for age discrimination by a state employer. Indeed, the Supreme Court recognized that not all states provide such a remedy, stating that "[state] employees are protected . . . in *almost* every State." Kimel, 528 U.S. at 91 (emphasis added). Thus, even assuming that Georgia law does not provide a remedy to Plaintiff, Eleventh Amendment immunity still bars Plaintiff's ADEA claim.

In sum, Defendant—as a state agency—is entitled to the protection of Eleventh Amendment immunity, and neither Congress nor the state of Georgia has validly abrogated or waived that immunity as to Plaintiff's ADEA claim, the sole claim alleged in this case. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. 5.)

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint, (id.), and **DISMISSES** Plaintiff's ADEA claim against the Georgia Department of Natural Resources, which is the sole cause of action alleged in this case. The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 21st day of May, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA